STATE OF VERMONT

SUPERIOR COURT                                          ENVIRONMENTAL DIVISION
Docket No. 113-9-15 Vtec

In re: Mahar Conditional Use Appeal

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Conditional Use (113-9-15 Vtec)

Title:            Motion to Suspend Building Permit and Stay Construction Pending Appeal
                  (Motion 4)

Filer:            Mary Lahiff, Susan Harritt, William Butler, and Carolyn Hallock

Attorney:      (Self-Represented Litigants)

Filed Date:    September 19, 2016
Response in Opposition filed on 09/19/2016 by Attorney David M. Sunshine for
      Appellee Kevin Mahar

Reply filed on 9/23/2016 by Appellants Lahiff, Harritt, Butler, and Hallock.

**The motion is DENIED.**

        This appeal was commenced on September 24, 2015 by eight neighbors who appealed
the conditional use approval issued on June 23, 2015 by the Town of Jericho Development Review
Board ("DRB") for the proposal by Appellee/Applicant Kevin Mahar ("Applicant") to construct and
use a free-standing accessory structure, to be used as a separate apartment on his residential
property at 225 Nashville Road.  By decision dated July 13, 2016, this Court granted summary
judgment to Appellee/Applicant, concluding that Appellants had not timely filed their appeal.
Four of the original eight appellants—Mary Lahiff, Susan Harritt, William Butler, and Carolyn
Hallock ("Supreme Court Appellants")—have appealed this Court's summary judgment
determination to the Vermont Supreme Court.

        After that appeal was filed, the Supreme Court Appellants filed a "Motion to Suspend
Building Permit and Stay Construction Pending Outcome of Appeal."  Even though jurisdiction of
this proceeding has been transferred to the Vermont Supreme Court, this Court is directed to
address a stay motion in the first instance.  V.R.A.P. 8(a).

        We begin our analysis of Appellants' stay motion with a review of our original summary
judgment decision.  We first note that our July 13, 2016 decision does not appear to control the

building permits[*] that Appellants now ask that this Court stay. Specifically, the matter now before us, and which has been appealed to the Supreme Court, concerns the conditional use approval issued by the DRB on June 23, 2015; it <u>does not</u> concern the two subsequent zoning permits that the Town of Jericho Zoning Administrator issued on July 7, 2015, and which some of the appellants here separately appealed to the DRB on July 20, 2015. See <u>In re Mahar CU Appeal</u>, No. 113-9-15 Vtec, slip op. at 3 (Vt. Super. Ct. Env. Div. July 13, 2016) (Durkin, J.). We have no record of any appeal being filed with this Court from the decision by the DRB to uphold the zoning permits issued on July 7, 2015. We therefore understand that those permits have become final.

Nonetheless, we interpret Appellants' pending motion as requesting that the appealed conditional use approval be stayed and that Applicant's reliance upon that approval be enjoined, pending the outcome of the current appeal before the Supreme Court. We take this action to help the parties make a full presentation of their contested legal issued to the Supreme Court.

When an appealing party seeks an order staying an appeal of a municipal approval that has been upheld by this Court, we are directed to "perform the initial review of the request and may grant a stay." 10 V.S.A. § 8504(f)(2). A stay request under this statutory provision is not automatic, but rather requires this Court to exercise its discretion, within the context of established precedent. See V.R.A.P. 8(a) and <u>In re Route 103 Quarry</u>, No. 205-10-05 Vtec slip op. at 3 (Vt. Envtl. Ct. Sept. 14, 2007), *aff'd.* 184 Vt. 283 (2008). Our <u>Route 103 Quarry</u> decision reiterated the four legal standards that a party seeking a stay must fulfill: "'(1) a strong likelihood of success [on appeal]; (2) irreparable injury [to the moving party] if the stay is not granted; (3) the stay will not substantially harm other parties; and (4) the stay will serve the best interests of the public.'" <u>Id</u>., quoting <u>Gilbert v. Gilbert</u>, 163 Vt. 549, 560 (1995).

Our review of the required legal standards is hampered by the fact that Appellants have not provided a detailed legal analysis of these standards. We recognize that each of the Appellants are representing themselves and therefore decline to base any ruling against them solely upon a technical deficiency in their filings.

As to the likely success of Appellants' appeal to the Supreme Court, we cannot determine whether their appeal will likely be successful. Our July 13, 2016 Decision included a detailed review of the circumstances offered by each Appellant as to why their appeal, filed ninety days after the DRB's June 23, 2015 decision, should be allowed to proceed. As to Appellant Carolyn Hallock, we noted that she had attended the DRB hearing and received a copy of its June 23, 2015 decision. No explanation was given as to why she failed to file an appeal within the requisite thirty days. As to Appellants Lahiff, Harritt, and Butler, there are no new factual representations referenced in their motion to stay that the Court didn't consider in its original ruling. The Supreme Court Appellants do not assert that our original ruling relied upon a mistake of law. While we have no doubt that it may be possible for the Supreme Court to determine that a reversal is warranted, we have also not been provided with a factual or legal foundation for why such an outcome would be likely.

---

[*] See <u>In re Mahar Conditional Use Appeal</u>, No. 113-9-15 Vtec, slip op. at 3 (Vt. Super. Ct. Jul. 13, 2016) (Durkin, J.). For this single project, Applicant applied for and received a zoning permit to construct the accessory structure and a second zoning permit to use the accessory structure as a residence.

We recognize that Appellants have strongly held and sincere beliefs that Applicant's construction of the accessory residential dwelling for his parents will change the character of the surrounding neighborhood, but we disagree with Appellants' assessment that, should construction continue and their appeal be successful, relief will be unlikely for them.  This Court has, in fact, imposed penalties and ordered the removal of a portion of a building that was constructed without final permit authority.  See Village of Ludlow v. Kenneth Tofferi and Totem Pole Ski Shop, Inc., No. 213-11-98 Vtec (Vt. Envtl. Ct. Jan. 18, 2002) (Wright, J.), available at https://www.vermontjudiciary.org/GTC/Environmental/ENVCRTOpinions2000-2004/ecrt21311 98doprr.pdf.  The Supreme Court has also denied relief to an applicant who constructed a home while his neighbor's appeals were pending; those appeals later determined that the applicant constructed the home "without a permit" and could be ordered to remove the structure.  In re Nowicki Building Permit Appeal, 2007 VT 76 at ¶ 1, No. 2006-283 (unpub. mem.), available at https://www.vermontjudiciary.org/UPEO2006-2010/eo06-283.pdf.

We therefore conclude that any injury that Appellants may suffer, if Applicant's construction continues and their appeal proves successful, can later be remedied through the court process.

As to the third legal standard noted above, Appellants do not dispute that this appeal has frustrated Applicant's efforts at building a new home for his parents, who have already disposed of their prior home through sale.   Rather, Appellants assert that Applicant's parents' circumstances are of their own making, since they sold their prior home before this appeal was completed.  While that may be true, we note that each review, conducted over eighteen months, has resulted in a granting of the pending application.  While hindsight reveals that it was perhaps unwise at this juncture for Applicant and his parents to conclude that the approvals they received from the Zoning Administrator and the DRB could be relied upon, we can understand the basis for their decision to go forward with their plans.  In this regard, Appellants' action of delaying their appeal of the DRB decision for ninety days likely contributed to Applicant's and his parents' reliance upon the DRB approval.  They also likely felt that their decision to move forward with construction was well grounded when they determined that no party had appealed the DRB's approval of the zoning permits to this Court.

Lastly, we address the fourth legal standard governing whether a post-judgment stay request should be granted.  Appellants appear to assert that the requested stay will serve the best interests of the public because to allow Applicant's construction to proceed will "substantially alter[] the character of the neighborhood" and may risk "watering down the town's master plan."  Affidavit of Mary Lahiff at 1, ¶5, filed Sept. 19, 2016.  While we don't dispute the sincerity of Appellants' beliefs, we remain confident that, if their appeal proves successful, the law will allow for and provide the appropriate remedies.

Within this context, we caution Applicant that any continuation of construction in reliance upon this Court's affirmation of the DRB's conditional use approval contains the risk inherent in the pending appeal:  if the Supreme Court reverses this Court's determination, the authority for his construction would be in question.  We have emphasized this point to several applicants that have been successful at the trial court level when an appeal is pending before the Supreme Court.  See, e.g.: Route 103 Quarry, No. 205-10-05 Vtec slip op. at 5–6 ("To the extent that Appellant-

Applicant J. P. Carrara & Sons, Inc. goes forward in reliance upon the Amended Permit that is now under appeal to the Vermont Supreme Court, it does so in light of the consequent risk that could result, depending upon the outcome of the pending appeal."); In re Allen Road Land Co., Nos. 62-4-11 Vtec, 63-4-11 Vtec slip op. at 8 (Vt. Super. Ct. Envtl. Div. Jul. 6, 2011) (Durkin, J.) ("We stress that if Applicant does undertake [development] while these appeals are pending, it does so at the risk that its authorization may ultimately be revoked."); and In re Moore 3 Lot Subdivision, No. 123-9-13 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Jul. 28, 2014) (Walsh, J.) ("We do note that any action the Moores take in reliance on the DRB approval they take at their own risk.  If Mr. Nagle's appeal is successful, the Moores could be required to remediate the site.").

For all these reasons, we conclude that the Supreme Court Appellants have failed to satisfy the legal standards for convincing this Court to issue the requested stay.  Appellants' pending motion is therefore **DENIED**.


**So ordered.**

Electronically signed on December 2, 2016 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

Notifications:
David M. Sunshine (ERN 1529), Attorney for Appellee/Applicant Kevin Mahar
Claudine C. Safar (ERN 3985) and Anthea Dexter-Cooper (ERN 7254), Attorneys for
    Interested Person Town of Jericho
Appellants Conor and Mary Lahiff
Appellant Steve Hibbs
Appellant Linda Campbell
Appellants Scott S. and Carolyn K. Hallock
Appellant William Butler
Appellant Susan Harritt